IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARK VINCENT HOLTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-424-O |
| | § | |
| DIRECTOR, TDCJ-ID, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a purported petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Mark Vincent Holton, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against the director of TDCJ, Respondent. After considering the pleadings and relief sought on by Petitioner, the Court has concluded that the petition should be dismissed. No service has issued upon Respondent.

**I. BACKGROUND**

Petitioner is serving multiple sentences in TDCJ as a result of his 2013 convictions in the Criminal District Court Number Four of Tarrant County, Texas, for aggravated sexual assault of a child, indecency with a child and sexual assault of a child. TDCJ's Offender Information Details, http://www.tdcj.state.tx.us.

**II. DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[1] The Court of

---

[1] Section 2243, governing applications for writ of habeas corpus, provides:

A court, justice or judge entertaining an application for a writ of habeas corpus shall

Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). In his purported habeas petition, Petitioner does not challenge his convictions and/or sentences and he does not seek release from custody. Pet. 26, ECF No. 1.[2] Instead, he seeks to sue various state actors in their individual capacities for alleged violations of his civil and constitutional rights during his state criminal proceedings and he seeks only monetary damages. Pet. 26, ECF No. 1 & 10. The proper vehicle for seeking such relief is by way of a civil rights suit. 42 U.S.C. § 1983; *Rheuark v. Shaw,* 547 F.2d 1257, 1259 (5th Cir. 1977).

### III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for writ of habeas corpus is DISMISSED.

**SO ORDERED** on this 7th day of June, 2016.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

[2]The pagination in the ECF header is used.